UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cassandra M. Sappington,<br><br>    Plaintiff,<br><br>v.<br><br>Deutsche Bank National Trust Company, Morgan Stanley Mortgage Capital Inc., Morgan Stanley ABS Capital I Inc., Wells Fargo Bank, Ocwen Loan Servicing, LLC, Mortgage Electronic Registration System Inc., Altisource Solutions, Inc.<br><br>    Defendants. | Case No. 15 C 6039<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cassandra M. Sappington sued Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Wells Fargo Bank ("Wells Fargo"), Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Altisource Solutions, Inc. ("Altisource"), alleging wrongful foreclosure and sale of her property. Plaintiff asserts ten causes of action against the Defendants: (1) lack of standing and wrongful foreclosure (Count I); (2) fraud in the concealment (Count II); (3) fraud in the inducement (Count III); (4) intentional infliction of emotional distress (Count IV); (5) slander of title (Count V); (6) quiet title (Count VI); (7) declaratory relief (Count VII); (8) violation of duty of good faith and fair dealing and promissory estoppel (Count VIII); (9) civil conspiracy (Count IX); and (10) rescission (Count X). Defendants moved to dismiss all of these claims, arguing that they are barred under the *Rooker-Feldman* doctrine and by res judicata. For the reasons explained below, Defendants' motion to dismiss is granted.

I.  Background

On September 7, 2006, Plaintiff obtained a $377,060.00 mortgage loan from Guaranteed Rate Inc. Am. Compl. at ¶ 32. Plaintiff acquired the loan to purchase real estate located at 24905 Blue Iris Ct. N in Plainfield, Illinois. *Id.* Plaintiff's mortgage was placed in TRUST 2007-HE5 and was securitized by Deutsche Bank as Trustee. *Id.* at ¶ 33.

On September 6, 2010, Defendant Deutsche Bank filed a foreclosure action against Plaintiff's property in the Circuit Court of Will County, Illinois (hereinafter "Circuit Court"). [40-1] at 1. The Circuit Court entered a judgment of foreclosure and sale against the property on July 5, 2012, and the property was sold at a judicial sale on February 19, 2015. [40] at 7. On April 6, 2015, the Circuit Court entered an order approving the sale. [40-1] at 36. On May 29, 2015, Plaintiff filed a petition to vacate the judgment of foreclosure and sale and filed a request for injunctive relief. *Id.* at 40. The Circuit Court denied both motions on June 18, 2015. *Id.* at 61. On July 10, 2015, Plaintiff filed a notice of appeal to the Illinois Appellate Court for the Third District. On July 13th, she filed a motion to stay execution of the foreclosure judgment, pending a ruling from the appellate court. *Id.* at 63. The Circuit Court denied the motion to stay execution on July 16, 2015. *Id.* at 65. The appeal before the Third District Appellate Court remains pending. *Id.* at 62.

On July 9, 2015, Plaintiff filed her initial complaint in this Court [1]. Defendants moved to dismiss [12], [18], and, in response, Plaintiff amended her complaint [35]. Defendants Deutsche Bank, Wells Fargo, Ocwen, and MERS filed

their amended motion to dismiss on December 14, 2015. [39]. Morgan Stanley Mortgage Capital Inc. and Morgan Stanley ABS Capital Inc. filed a separate motion to dismiss on December 16, 2015 [41]; in response to that motion, Plaintiff voluntary dismissed the Morgan Stanley Defendants on February 23, 2016 [48]. Thus, only the motion filed by Deutsche Bank, Wells Fargo, Ocwen, MERS, and Altisource remains pending.

## II. Legal Standard

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Under both rules, the Court accepts as true all well pleaded facts and draws all reasonable inferences in favor of the non-moving party. *E.g., Flextronics International USA, Inc. v. Sparkling Drink Systems Innovation Center Ltd.*, No. 15 C 4904, — F.Supp.3d. —, 2016 WL 2344566, at *1 (N.D. Ill. May 4, 2016)(citing cases). The standard for a Rule 12(b)(1) motion differs from that under Rule 12(b)(6) only in that this Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

## III. Analysis

Defendants argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because those claims were raised as defenses to the foreclosure action and again in her petition to vacate the foreclosure judgment and sale. [39] at 3.

Alternatively, Defendants argue that Plaintiff's claims are barred by *res judicata*. *Id.* The Court addresses both arguments below.

A. <u>**Rooker-Feldman**</u>

The *Rooker-Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), establishes that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). As a result, under *Rooker-Feldman*, lower federal courts lack subject matter jurisdiction to review state court judgments. The "doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Harold*, 773 F.3d at 885 (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005); *GASH Associates v. Rosemont*, 995 F.2d 726, 729 (7th Cir. 1993)). It acts as a jurisdictional bar to direct review of state court decisions, as well as claims that are "inextricably intertwined" with the state court decision. *E.g., Taylor v. Fed. Nat. Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). Claims are "inextricably intertwined" when the district court is, in essence, being "called upon to review the state-court decision." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). This determination "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Taylor*, 374 F.3d at 533 (citing *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)).

4

The plaintiff in *Taylor*, like Plaintiff here, lost her home in a foreclosure action brought in state court, and then sued alleging fraud and wrongful foreclosure. 374 F.3d at 531. The defendants (the mortgage company and Fannie Mae), removed the action and the district court dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*. *Id*. The Seventh Circuit affirmed the dismissal, finding that "requesting the recovery of her home is tantamount to a request to vacate the state court's judgment of foreclosure." *Id*.

Similarly, in *Ritter v. Ross*, the plaintiffs sought recovery of their home following a state foreclosure judgment. The Seventh Circuit reasoned that, but for the foreclosure judgment, the plaintiffs would have no complaint. Therefore, the state court proceedings were the subject of the case and the plaintiffs were essentially seeking the federal district court to conduct appellate review of a state judicial proceeding. As such, the claims against the defendants were "inextricably intertwined" with the merits of the state proceeding. *Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993).

Federal courts consistently dismiss complaints like Plaintiff's seeking to challenge a state court judgment of foreclosure and sale. *E.g.*, *Scully v. Citizens Bank N.A.*, No. 15 C 9665, 2016 WL 1588509 (N.D. Ill. Apr. 19, 2016); *Allen v. Heritage Place Homeowners Ass'n*, No. 13 CV 5227, 2014 WL 2700843 (N.D. Ill. June 13, 2014); *Frances v. Fed. Nat. Mortgage Ass'n*, No. 14 C 00288, 2014 WL 2109892 (N.D. Ill. May 20, 2014). Plaintiff's claims here are also barred. As in *Taylor*, Plaintiff is seeking recovery of her home following a state court foreclosure judgment. To award Plaintiff the property, the Court would have to overturn the

5

state court judgment of foreclosure. Such action is barred by *Rooker-Feldman.* Additionally, all of Plaintiff's claims are inextricably intertwined with the merits of the state court judgment of foreclosure. Indeed, Plaintiff asserted the same claims she asserts here as defenses in that action. The Circuit Court rejected them, and this Court is precluded from reviewing that decision.

In response to Defendants' motion to dismiss, Plaintiff argues that *Rooker-Feldman* does not apply where fraud is involved. *Taylor* holds otherwise. In *Taylor*, the plaintiff alleged fraud on the court by the foreclosing creditors, yet the district court nonetheless determined that plaintiff's claim was barred under *Rooker-Feldman*. *Taylor*, 374 F.3d at 532. In *Taylor*, the court held that the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Id*. That is true even when fraud is alleged. As the Seventh Circuit explained in *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015), Rooker-Feldman "is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others)," but also with *which* federal court is "authorized to intervene" because the "reason a litigant gives for contesting the state court's decision cannot endow" a federal district court with such authority. *Id*. (citing *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008); *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014)).

Because the relief Plaintiff requests cannot be awarded without overturning the state court foreclosure decision, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine.

**B.** **<u>Res Judicata</u>**

Defendants alternatively argue that Plaintiff's claims are barred by *res judicata*. "In general, the doctrine of claim preclusion or *res judicata* bars a party from asserting a claim that has already been resolved in another lawsuit between the same parties or those in privity with them, and the doctrine reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not." *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 310 (7th Cir. 2010)(citing *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008); *Highway J Citizens Group v. United States Department of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006)). In Illinois, for *res judicata* to apply, "'there must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) the same cause of action; and (3) the same parties or their "privies."'" *Bonnstetter v. City of Chicago*, 811 F.3d 969, 975 (7th Cir. 2016) (quoting *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011); *Hudson v. City of Chicago*, 889 N.E.2d 210, 215 (Ill. 2008)).[1]

The Seventh Circuit has emphasized the distinction between *res judicata* and *Rooker-Feldman* and instructed lower courts to decide the applicability of *Rooker-Feldman* before considering *res judicata*. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Where *Rooker–Feldman* applies, lower federal courts have "no power to

---

[1] The Court applies Illinois law because an Illinois state court issued the order that is alleged to have preclusive effect here. *E.g., Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales. Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011).

address other affirmative defenses, including *res judicata*." *Id.* *See also Taylor*, 374 F.3d at 535; *Williams v. Ameriquest Mortgage Company*, No. 14 CV 0401, 2014 WL 3687729, at *3 (N.D. Ill. July 24, 2014). While ostensibly Defendants' *res judicata* argument appears to be well-taken, this Court has to need or power to address it further.

### **Conclusion**

Because Plaintiff's claims here are inextricably intertwined with the state court judgment of foreclosure and sale, they are barred under *Rooker-Feldman* and this Court lacks subject matter jurisdiction to consider them. Accordingly, Defendants' motion to dismiss [39] is granted.

Dated: June 21, 2016

ENTERED:

_____
John Robert Blakey
United States District Judge

8